UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIBONEY CONTRACTING CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9681** |
| **BERKLEY INSURANCE CO., ET. AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Berkley Insurance Company's ("Berkley") Motion to Dismiss Plaintiff Siboney Contracting Company's ("Plaintiff") Miller Act, Federal Prompt Payment Act, and declaratory judgment claims pursuant to F.R.C.P. 12(b)(6) (Rec. Doc. 7), Plaintiff's Response in Opposition (Rec. Doc. 13), and Berkley's Motion for Leave to File Reply (Rec. Doc. 14). For the reasons discussed below,

**IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 7) is **GRANTED in Part and DISMISSED in Part;**

**IT IS FURTHER ORDERED** that Berkley's Motion for Leave to File Reply (Rec. Doc. 14) is hereby **GRANTED** and all proposed pleadings are hereby filed into the record.

**Facts and Procedural History**

On September 23, 2016, Plaintiff (as subcontractor) entered into a contract with Defendant Tikigaq Construction, L.L.C. (as contractor), in which Plaintiff agreed to haul sand to the United States Army Corps of Engineers project referred to as the WBV-EVM-78. Rec. Doc. 1 at 3. Pursuant to the requirements of 40 U.S.C. §

3131(b)(2), Tikigaq received a payment bond issued by Berkley to secure Tikigaq's payment of its obligations to its subcontractors.

Plaintiff's alleges that Plaintiff and Tikigaq originally agreed that Plaintiff would haul the sand at a fixed price of $4.82 per cubic yard. Rec. Doc. 1 at 3. However, prior to Plaintiff's commencing performance Tikigaq requested that payment be fixed, in writing, at the same $4.82 rate, but "by the ton" rather than by the cubic yard. *Id.* Plaintiff agreed to this proposal through a text message conversation with a representative of Tikigaq. Rec. Doc. 1 at 3-4.

Plaintiff alleges that after months of performing in accordance with this arrangement Tikigaq attempted to negotiate a lower rate for the past rendered performance. Rec. Doc. 1 at 4. While Plaintiff responded that it would not negotiate the price of the sand it had already hauled, it would apply a discounted rate to work performed in the future. Rec. Doc. 1 at 4. Plaintiff alleges that Tikigaq stopped its payments to Plaintiff immediately following this discussion, resulting in two unpaid invoices—one for $29,356.90 billed by the ton and another for $2,287.50 billed at a rate of $75.00 per hour—totaling $31,644.40. Rec. Doc. 1 at 4.

On May 15, 2017, Plaintiff demanded payment of the outstanding debt to the U.S. Army Corps of Engineers, Tikigaq, and Berkley through a Miller Act Notice; Plaintiff states that it received no response to this notice. Rec. Doc. 1 at 5. Plaintiff then sent a

demand letter to Berkley on the payment bond on June 23, 2017, which Berkley acknowledged on June 26, 2017, stating that it would investigate the claim. Rec. Doc. 1 at 5. On July 17, 2017, Tikigaq sent a letter alleging that Plaintiff owed it $131,883.60 as a result of overbilling and that it would retain the disputed $31,644.41 allegedly owed to Plaintiff as an offset. Rec. Doc. 1 at 5. Berkley adopted Tikigaq's position on the matter in August 2017.

On September 27, 2017, Plaintiff filed suit against Berkley and Tikigaq, seeking recovery of the $31,644.41 as well as attorney's fees under the Miller Act, the federal Prompt Payment Act, La. R.S. § 9:2781 (Louisiana's Open Account Statute), La. R.S. § 9:2784 (Louisiana's Late Payment by Contractor Law), breach of contract, and quasi-contract claims. Rec. Doc. 1 at 6-9. Plaintiff also seeks a declaratory judgment that Tikigaq was not overbilled by Plaintiff, and that Plaintiff owes Tikigaq no obligations, including reimbursement of money already paid. Rec. Doc. 1 at 10. Berkley filed an answer to this complaint on December 20, 2017; Tikigaq has yet to respond.

In conjunction with its answer, Berkley filed the instant motion to dismiss Plaintiff's Miller Act, federal Prompt Payment Act, and declaratory judgment claims pursuant to F.R.C.P. 12(b)(6) on the grounds that Plaintiff has stated no cause of action for which relief can be granted. Rec. Doc. 7-1.

**LAW AND ANALYSIS**

3

### A. Standard for 12(b)(6) Motion

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. The court will grant a 12(b)(6) motion if the plaintiff "has not set forth a factual allegation in support of his claim that would entitle him to relief." *Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.*, 2016 WL 1170149, at *2 (E.D. La. Mar. 25, 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### B. Failure to Bring Miller Act Claim in the Name of the United States

In its Motion to Dismiss, Berkley alleged that Plaintiff's failure to bring its Miller Act claim in the name of the United States warranted dismissal. Rec. Doc. 7-1 at 3-4. However, as Berkley recognized in its Reply Memorandum in Support of its Motion to Dismiss, Plaintiff remedied this issue in its First Amended Complaint, rendering this issue **MOOT**. Rec. Doc. 14-2 at 2.

### C. Federal Prompt Payment Act Claim

Paragraph 24 of Plaintiff's Original Complaint alleges that Plaintiff is entitled to further recovery from Berkley due to

Tikigaq's failure to make timely payments under the federal Prompt Payment Act, 31 U.S.C. § 3901, *et seq*. Rec. Doc. 1 at 6. Berkley contends that the federal Prompt Payment Act does not create a private right of action and therefore the claims contained in paragraph 24 should be dismissed for failure to state a claim. Rec. Doc. 7-1 at 4.

Working in conjunction with the Miller Act, 40 U.S.C. § 3131 *et seq.*, the federal Prompt Payment act "confers additional rights and duties on federal contractors and subcontractors." *U.S. ex rel. Cal's A/C & Elec. v. Famous Const. Corp.*, 220 F.3d 326, 328 (5th Cir. 2000). However, courts have consistently held that the Act does not create a private right of action in addition to Miller Act or breach of contract claims. *See Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.*, 2016 WL 1170149, at *4 (E.D. La. Mar. 25, 2016) ("DVA cites several cases expressly holding that [the Federal Prompt Payment Act] does not create an independent cause of action...The Court's own research buttresses that legal conclusion."); *See also C&H Contracting of MS, LLC v. Lakeshore Eng'g Servs., Inc.*, 2007 WL 2461017, at *1 (S.D. Miss. Aug. 24, 2007) ("The few courts addressing the matter have found that there is no private right of action between contractors under the Prompt Payment Act.").

In its Opposition to Berkley's Motion to Dismiss, Plaintiff cites the district court ruling in *U.S. ex rel. Cal's A/C & Elec. v. Famous Const. Corp.* in support of the proposition that the

5

federal Prompt Payment Act provides subcontractors a private right of action. Rec. Doc. 13 at 3 (citing 34 F. Supp. 2d 1042, 1044 (W.D. La. 1999)). The district court found that the Act "expressly allows for subcontractors on federal projects to sue for the awarding of attorney's fees and penalties for late payment or nonpayment on the payment bond held by the surety" so long as state law allows such actions. *Cal's A/C & Elec.*, 34 F. Supp. 2d at 1044. The court ruled that La. R.S. 9:2784, Louisiana's Late Payment by Contractor Law, expressly provides for those actions. *Id.*

Plaintiff's reliance on this decision is misplaced. The district court's reasoning that the 1988 amendments to the Federal Prompt Payment Act as an addendum to the Miller Act—providing a separate avenue for recovery by subcontractors—was rejected by the Fifth Circuit in its review of the district court's decision. *Cal's A/C & Elec.*, 220 F.3d at 328. The Fifth Circuit found that, while the Miller Act does not expressly incorporate state law remedies such as attorney's fees, it did not, as the district court reasoned, preclude the pursuit of such state law remedies in addition to Miller Act claims. *Id.* at 327. The Court therefore vacated the district court's decision and allowed the plaintiff to pursue attorney's fees under Louisiana law. *Id.* at 328.

Because it is well established that the federal Prompt Payment Act does not confer an independent cause of action to subcontractors, Tikigaq's motion to dismiss this claim is **GRANTED**.

***D. Declaratory Judgment***

6

Berkley additionally seeks to dismiss Plaintiff's claims for declaratory judgments as redundant because they are duplicative of the Miller Act and breach of contract claims. Rec. Doc. 7-1 at 5. In response, Plaintiff contends that, assuming the resolution of its Miller Act claim will require resolution of the accusations of overcharging Tikigaq, the declaratory judgment will determine whether it owes any other obligations that may fall outside the scope of the Miller Act claim. Rec. Doc. 13 at 6.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "[confers] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). A declaratory judgment is not a substantive cause of action, but rather "a remedy available to a litigant who can point to an existing right that the Court has jurisdiction to enforce." *Fisher v. Beers*, 2014 WL 3497572, at *4 (E.D. La. July 14, 2014). In *Landscape Design & Const., Inc. v. Transp. Leasing/Contract*, the court held that, because the parties asserted substantive claims that placed at issue the same determinations for which they sought declaratory judgments, separate declaratory judgments were not necessary and therefore dismissed them. 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002).

Adjudication of Plaintiff's Miller Act claim will resolve the issue of the amount owed pursuant to the sand-hauling contract. In order to determine whether Plaintiff is entitled to payment under the contract, the Court will necessarily have to determine whether

Plaintiff owes Tikigaq for the amount it alleges Plaintiff overcharged in its execution of the contract. Therefore, Plaintiff's request for a declaration that that it does not owe any obligation to Tikigaq is duplicative of the determinations to be made in resolving the Miller Act claim. Because the substantive claims at issue require resolution of the same issues that Plaintiff seeks to establish through a declaratory judgment, a separate declaration is not necessary. Therefore, Defendant's motion to dismiss this claim is **GRANTED**. For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED in Part, and DENIED as Moot** relative to Miller Act claims.

New Orleans, Louisiana, this 28th day of February, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE